NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSEM A. ABULKHAIR, | Civil Action No.: 11-3375 (JLL) |
| Plaintiff, | |
| v. | |
| DIRECTOR OF NEW JERSEY DEPARTMENT OF HUMAN SERVICES, | OPINION |
| Defendant. | |

**LINARES, District Judge:**

### INTRODUCTION

Plaintiff *pro se*, Assem A. Abulkhair, seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, the Court finds that Plaintiff qualifies for non-prisoner *in forma pauperis*. 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, the Court finds that dismissal of the Complaint is required by 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### BACKGROUND

Plaintiff purports to bring this action under 41 U.S.C. § 1383(c)(3), 5 U.S.C. § 701, and 5 U.S.C § 705.[1] The Complaint alleges that Defendant, the Director of the New Jersey Department

---

[1] Notably, none of the three aforementioned statutes provides Abulkhair with a legal cause of action. Specifically, 41 U.S.C. § 1383(c)(3) does not exist, 5 U.S.C. § 701 solely provides the relevant definitions for that particular chapter of the United States Code, and, lastly, 5 U.S.C. § 705 solely sets forth the scope of review under that particular chapter of the United States Code.

1

of Human Services, unreasonably decided to reduce Plaintiff's food stamp benefits from $104.00 to $87.00. (Compl. ¶¶ 2-6). Plaintiff argues that Defendant did so "in the absence of any evidence and without any proper notice" in an effort to retaliate against him for filing a separate suit against her and the Department of Human Services. (Compl. ¶ 14). Aside from these conclusory allegations, Plaintiff presents no additional facts to support the assertion that he was being retaliated against.

## LEGAL STANDARD

After a court makes a decision that a plaintiff is qualified to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must then "screen" the complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must be prepared to apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name. Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 648 (E.D.Pa. 2010). The Court must "accept as true all of the allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." Id.

As mentioned above, the Third Circuit has traditionally construed *pro se* litigants'

complaints liberally and in their favor, all parties must nonetheless follow the Federal Rules of Civil Procedure. Byrne, 684 F. Supp. 2d at 648. Under Fed. R. Civ. P. 8(a), a complaint must set forth: 1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and 2) "a short and a plain statement of the claim showing that the pleader is entitled to relief." From the pleading, the Court must be able to draw a reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A *pro se* complaint may be dismissed for failure to state a claim upon which relief may be granted, if the allegations set forth by the plaintiff cannot be construed to supply facts in support of a claim entitling the plaintiff to relief. See Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

While the Third Circuit has adopted a liberal approach to the amendment of pleadings, leave to amend a complaint should not be permitted if it would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997))(internal quotations omitted).

## ANALYSIS

Upon careful review of Plaintiff's complaint, it is clear that Plaintiff has failed to set forth sufficient plausible factual allegations to support a claim which would entitle him to relief. In particular, the Complaint does not address the basis of Defendant's alleged retaliatory conduct. Plaintiff fails to specify the "fundamental assertion error" upon which Defendant allegedly

3

"made up" to "retaliate" against Plaintiff. See (Compl. ¶ 14).[2] Plaintiff also failed to assert the existence of a separate lawsuit against the Defendant and "its agency" *prior to* the reduction of his said benefits. See (Compl. ¶ 14). Without doing so, there is nothing in the Complaint to serve as the basis of the Defendant's alleged retaliatory conduct. To the contrary, the facts as set forth in Plaintiff's Complaint seemingly indicate that Defendant's decision to reduce Plaintiff's food stamp benefits occurred *before* Plaintiff even initiated a lawsuit against Defendant. See (Compl. ¶¶ 6-10).[3] Plaintiff has failed to set forth facts to support his conclusory assertion that Defendant was retaliating against him.

## CONCLUSION

Plaintiff's Complaint cannot be construed as supplying facts in support of a claim, which would entitle him to relief. Therefore the Court dismisses Plaintiff's Complaint for failure to state a claim upon which relief may be granted, as required by § 1915(e)(2)(B). In addition, the Court will dismiss Plaintiff's Complaint with prejudice because Plaintiff fails to state a cognizable federal claim and it would be futile to grant Plaintiff leave to file an amended complaint.

---

[2] In its entirety ¶ 14 provides: "The Plaintiff contends that the finding and decision of the Defendant with regard to the unreasonable continual reduction in the absence of any evidence and without any proper notice was not faculty based, and is not based upon substantial evidence, based upon fundamental assertion error made up by the Director to retaliate against Abulkhair for his suit against her and its agency, and is contrary to the principle foundation of the rule of law."

[3] In his Complaint, Plaintiff sets forth, in chronological order: 1) the reduction of his benefits; 2) the Administrative Law Judge's subsequent decision to reverse the said reduction of benefits; 3) the Defendant's decision to reinstate the reduction of benefits; 4) the New Jersey Appellate Division's decision to affirm the said reduction of benefits; and 5) the New Jersey Supreme Court's decision to deny Plaintiff's petition for "certification."

DATED: October 18, 2011

_____
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE